FILED-EDA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EDDIE WHITE, by his Mother and Next Friend, HARRIET RAGGS, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF CHICAGO, and THREE UNKNOWN CHICAGO POLICE OFFICERS, <br><br> Defendants. | No. 03C 1818 <br><br> JUDGE MORAN <br><br> MAGISTRATE SIDNEY I. SCHENKIER <br> JURY DEMANDED <br><br> DOCKETED <br> MAR 1 4 2003 |

## COMPLAINT

NOW COMES the plaintiff, EDDIE WHITE, by his Mother and Next Friend, HARRIET RAGGS, by her attorneys, ALEXANDER & ASSOCIATES, LTD., and complaining of the defendants, CITY OF CHICAGO, and THREE UNKNOWN CHICAGO POLICE OFFICERS, states as follows:

**INTRODUCTION**

1. This is a civil action seeking damages for depriving plaintiff, while acting under color of law as Chicago Police Officers, of rights secured by the Constitution and laws of the United States, including the rights secured by the 4th and 14th Amendments to the Constitution, and for the City of Chicago's failure to properly instruct, supervise, control and discipline the defendant officers, and for related State-law violations, including False Arrest and Intentional Infliction of Emotional Distress.

**JURISDICTION**

2. This action is brought pursuant to 42 U.S.C. sec. 1983 and the Fourth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded upon 28 U.S.C. Sections 1331 and 1341(3) and (4) and 1343, and the aforementioned constitutional and statutory provisions. Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to Section 1367 to hear and decide claims arising out of state law.

**PARTIES**

3. Plaintiff Eddie White ("Eddie") is a sixteen-year old African-American citizen of the United States, who currently resides in Chicago, Illinois.

4. Defendant UNKNOWN POLICE OFFICERS, (the "individual officers") are Caucasian persons employed by the City of Chicago. All the defendant officers are being sued individually.

5. Defendant CITY OF CHICAGO (hereinafter "CITY"), at all times material to this complaint, was a duly incorporated governmental entity under the laws of the State of Illinois, and is and was the employer of the police personnel named herein as agents of the CITY. It is sued directly under the Count III Monell Claim, and pursuant to the doctrine of respondeat superior in the related State law claims.

6. At all times relevant hereto, defendant officers were acting under color of the statutes, ordinances, regulations, customs and usages of the State of Illinois, City of Chicago, and the Chicago Police Department, and within the scope of their employment with defendant CITY.

## FACTS

7. On the evening of October 30, 2002, at approximately 8:00 p.m., Eddie was playing in his neighborhood in the vicinity of Van Buren and Cicero, Chicago, Illinois. Eddie was breaking no laws and committing no crimes.

8. As Eddie stood talking to some friends, he was rapidly approached by three plainclothes Chicago Police Officers, who jumped out of an unmarked Chicago Police car which had a bag obscuring the license plate.

9. The officers approached Eddie, and ordered him to get on his knees. He complied without resistance or comment. At that time one of the officers kicked Eddie in the stomach, while the other officers commenced punching him in the arm and chest and kicking him in the back of the head.

10. Then, after cuffing Eddie behind his back, one officer pushed Eddie's head to the pavement and stomped on the back of his head.

11. The officers then pulled Eddie up from the ground, pulled his hood over his head, which was gushing blood, and threw him in the back of the unmarked squad car.

12. The three officers and Eddie then drove north on Cicero. The officer in the back with Eddie continued beating the handcuffed Eddie, first punching him multiple times in the chest while interrogating him, and then forcefully striking Eddie's right knee with a Mag flashlight.

13. The beating and interrogation continued until the officers arrived at Lake and Cicero. There, the officers noted Eddie's address from his I.D., dragged him out of the car, took off the cuffs, and told him: "Now we know where you live; if you tell anyone what we did we'll

3

come for you."

14. Although seriously injured, Eddie went to the police station and filed a complaint with OPS. The police, noting Eddie's injuries, called an ambulance to transport Eddie to Bethany Hospital, where he was treated for multiple injuries, including six stitches to his eyelid.

### Count I

### Section 1983 and Fourth Amendment Excessive Force Claim

1-14. Paragraphs 1-14 above are re-alleged here as if fully set forth.

15. The actions of the defendant officers, described above, were excessive and unreasonable.

16. Said use of excessive force deprived Eddie of his right to bodily security and liberty under the Fourth Amendment to the United States Constitution, and was an unreasonable physical seizure of plaintiff under the Fourth Amendment to the United States Constitution.

17. As a proximate result of the unwarranted use of excessive force, Eddie was severely injured about his head and body, and caused to suffer great pain, suffering, and mental anguish.

WHEREFORE, plaintiff Eddie White demands judgment against the individual officers, jointly and severally, for compensatory damages in an amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00) and further demands judgment against the individual officers, jointly and severally, for punitive damages in an amount in excess of ONE MILLION DOLLARS ($1,000,000.00), plus attorney's fees pursuant to statute and the costs of this action, and such other and further relief as this Court deems just, proper, and equitable.

## Count II

### Section 1983 and Fourth Amendment Search and Seizure Violations

1-14. Paragraphs 1-14 above are realleged here as if fully set forth.

15. The stop, arrest, detention, search and seizure of Eddie's person and property described above was in violation of 42 U.S.C. 1983 et seq. and plaintiff's right to be free of unreasonable searches, seizures, and deprivations of liberty under the Fourth Amendment to the Constitution of the United States, in that there was no probable cause or lawful justification for the stop, searches, and seizures of Eddie's person and property.

16. As a proximate result of the foregoing, Eddie was greatly injured and was exposed to public scandal, disgrace, and humiliation, suffered great physical and mental anguish, and was deprived of his constitutional rights as described above, all to his damage.

WHEREFORE, plaintiff Eddie White demands judgment against the individual officers, jointly and severally, for compensatory damages in an amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00) and further demands judgment against the individual officers, jointly and severally, for punitive damages in an amount in excess of ONE MILLION DOLLARS ($1,000,000.00), plus attorney's fees pursuant to statute and the costs of this action, and such other and further relief as this Court deems just, proper, and equitable.

## Count III

### 1983 Action Against City for Failure to Properly Instruct, Supervise, Control & Discipline

1-14. Paragraphs 1-14 above are realleged here as if fully set forth herein.

15. The Constitutional violations detailed above were only possible for the defendant officers to perpetrate because of the customs, policies, and practices of CITY, whereby the

5

CITY, acting through the Chicago Police Department, failed utterly to instruct, supervise, control and discipline the defendant officers.

16. These failures include (1) failure to take any steps to control, instruct, or discipline the defendant officers, thus maintaining an atmosphere and climate where Constitutional violations are not prosecuted or punished, encouraging officers to violate rather than respect the Constitutional rights of citizens; (2) failure to track, notice, act upon, or correct patterns of abuse by officers with multiple complaint files, thus encouraging a climate of Constitutional abuses; and (3) failure to properly instruct or train officers in what constitutes witness intimidation, improper use of excessive force, and improper arrests without probable cause.

WHEREFORE, plaintiff Eddie White demands judgment against defendant CITY OF CHICAGO for compensatory damages in an amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00), plus attorney's fees pursuant to statute and the costs of this action, and such other and further relief as this Court deems just, proper, and equitable.

### Count IV

### False Arrest — State Claim Against City and Officers

1-14. Paragraphs 1 through 14 above are realleged here as if fully set forth herein.

15. The individual officers, acting as detailed above, knowingly and intentionally stopped, detained, and arrested Eddie when they well knew there was no probable cause or lawful justification to do so.

16. The City is sued in this count pursuant to the doctrine of respondeat superior, in that defendant officers performed the actions complained of while on duty and in the employ of defendant CITY, and while acting within the scope of this employment.

17. As a direct and proximate result of this conduct, Eddie was damaged, including the value of his liberty, exposure to public scandal and disgrace, damage to his reputation and career, mental, physical, and emotional suffering, humiliation and anguish.

WHEREFORE, plaintiff Eddie White demands judgment against CITY and the individual defendants, jointly and severally, for compensatory damages in amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000), and further demands judgment against the individual defendants, jointly and severally, for punitive damages in an amount in excess of ONE MILLION DOLLARS ($1,000,000), and further demands attorney fees and the costs of this action, and for such other relief as this Court deems just, proper, and equitable.

## Count V

### Intentional Infliction of Emotional Distress Against CITY and Officers

1-14. Paragraphs 1 through 14 are realleged here as if fully set forth herein.

15. The above-detailed conduct by the defendants was extreme and outrageous, exceeding all bounds of human decency.

16. Defendants performed the acts detailed above with the intent of inflicting severe emotional distress or with knowledge of the high probability that the conduct would cause such distress.

17. As a direct and proximate result of this conduct, plaintiff did in fact suffer severe emotional distress, resulting in injury to his mind, body, and nervous system, including loss of sleep, mental anguish, nightmares, anxiety attacks, and flashbacks.

18. The City is sued in this count pursuant to the doctrine of respondeat superior, in that defendant officers performed the actions complained of while on duty and in the employ of

defendant CITY, and while acting within the scope of this employment.

WHEREFORE, plaintiff demands judgment against CITY OF CHICAGO and the individual defendants, jointly and severally, for compensatory damages in amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000), and further demands judgment against the individual defendants, jointly and severally, for punitive damages in an amount in excess of ONE MILLION DOLLARS ($1,000,000), and further demands attorney fees and the costs of this action, and for such other relief as this Court deems just, proper, and equitable.

Respectfully submitted,

EDDIE WHITE, by his Mother and Next Friend,
HARRIET RAGGS

By: _____
One of her attorneys

Daniel S. Alexander
DANIEL ALEXANDER & ASSOCIATES, LTD.
33 North LaSalle
Suite 3300
Chicago, Illinois 60602
312-263-8005

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**(a) PLAINTIFFS**
EDDIE WHITE, by his Mother and Next Friend, HARRIET RAGGS

**DEFENDANTS**
CITY OF CHICAGO, and THREE UNKNOWN CPD OFFICERS.

**(b)** County of Residence of First Listed Plaintiff: COOK
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed: COOK
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED

03C 1818

DOCKETED
MAR 1 4 2003

JUDGE MORAN
MAGISTRATE JUDGE SCHENKIER

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
DANIEL S. ALEXANDER, ALEXANDER & ASSOC., LTD.
33 N. LaSalle, Suite 3300, Chicago, IL 60602

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Inj. | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☒ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgement

## VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

42 USC 1983, CIVIL RIGHTS ACTION AGAINST CHICAGO POLICE

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ $1,500,000

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. This case

☒ is not a refiling of a previously dismissed action.
☐ is a refiling of case _____, previously dismissed by Judge _____

DATE: 3-13-03

SIGNATURE OF ATTORNEY OF RECORD: [signature]

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

In the Matter of

EDDIE WHITE, by his mother and Next Friend,
HARRIET RAGGS
V.
CITY OF CHICAGO, ET AL

Case Number: **03C 1818**

**JUDGE MORAN**

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

EDDIE WHITE

MAGISTRATE SIDNEY I. SCHENKIER

DOCKETED MAR 1 4 2003

| (A) | (B) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME: DANIEL S. ALEXANDER | NAME |
| FIRM: ALEXANDER & ASSOCIATES, LTD. | FIRM |
| STREET ADDRESS: 33 N. LaSalle, Suite 3300 | STREET ADDRESS |
| CITY/STATE/ZIP: Chicago, IL 60602 | CITY/STATE/ZIP |
| TELEPHONE NUMBER: 312-263-8005 | TELEPHONE NUMBER |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE): 6202318 | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) |
| MEMBER OF TRIAL BAR? YES [X] NO [ ] | MEMBER OF TRIAL BAR? YES [ ] NO [ ] |
| TRIAL ATTORNEY? YES [X] NO [ ] | TRIAL ATTORNEY? YES [ ] NO [ ] |
|  | DESIGNATED AS LOCAL COUNSEL? YES [ ] NO [ ] |

| (C) | (D) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME | NAME |
| FIRM | FIRM |
| STREET ADDRESS | STREET ADDRESS |
| CITY/STATE/ZIP | CITY/STATE/ZIP |
| TELEPHONE NUMBER | TELEPHONE NUMBER |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) |
| MEMBER OF TRIAL BAR? YES [ ] NO [ ] | MEMBER OF TRIAL BAR? YES [ ] NO [ ] |
| TRIAL ATTORNEY? YES [ ] NO [ ] | TRIAL ATTORNEY? YES [ ] NO [ ] |
| DESIGNATED AS LOCAL COUNSEL? YES [ ] NO [ ] | DESIGNATED AS LOCAL COUNSEL? YES [ ] NO [ ] |

PLEASE COMPLETE IN ACCORDANCE WITH INSTRUCTIONS ON REVERSE.