IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EDDIE WHITE, by his Mother and Next Friend, HARRIET RAGGS, ) ) ) Plaintiff, ) ) v. ) ) CITY OF CHICAGO, and CHICAGO POLICE ) OFFICERS DANIEL BORA, ) DANIEL GORMAN, and JOHN KILLACKEY, ) ) Defendants. ) | No. 03 C 1818<br><br>Judge Moran<br><br>Mag. Judge Schenker |

## NOTICE OF FILING

To:  George J. Yamin, Jr.
     Asst. Corp. Counsel
     30 N. LaSalle Street, Suite 900
     Chicago, IL 60602

**PLEASE TAKE NOTICE** that on Tuesday, August 19, 2003, we filed with the Clerk of the above Court Plaintiff's First Amended Complaint, a copy of which is hereby served upon you.

_____
One of Plaintiff's attorneys

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that he served a copy of the foregoing Notice and the referenced pleading to the attorneys listed on the foregoing Notice of Filing, by hand delivery on August 19, 2003, prior to 5:00 p.m.

_____
Daniel S. Alexander
33 N. LaSalle St., Suite 3300
Chicago, IL 60602
312-263-8005

1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| EDDIE WHITE, by his Mother and Next Friend, HARRIET RAGGS, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) ) | No. 03 C 1818 |
| CITY OF CHICAGO, and CHICAGO POLICE OFFICERS DANIEL BORA, DANIEL GORMAN, and JOHN KILLACKEY, ) ) ) ) ) | Judge Moran  Mag. Judge Schenker  JURY DEMANDED |
| Defendants. ) | |

**FILED AUG 1 9 2003 MICHAEL W. DOBBINS CLERK, U.S. DISTRICT COURT**

### FIRST AMENDED COMPLAINT

NOW COMES the plaintiff, EDDIE WHITE, by his Mother and Next Friend, HARRIET RAGGS, by her attorneys, ALEXANDER & ASSOCIATES, LTD., and complaining of the defendants, CITY OF CHICAGO, and CHICAGO POLICE OFFICERS DANIEL BORA, DANIEL GORMAN, and JOHN KILLACKEY, states as follows:

**INTRODUCTION**

1. This is a civil action seeking damages for depriving plaintiff, while acting under color of law as Chicago Police Officers, of rights secured by the Constitution and laws of the United States, including the rights secured by the 4th and 14th Amendments to the Constitution, and for the City of Chicago's failure to properly instruct, supervise, control and discipline the defendant officers, and for related State-law violations, including False Arrest and Intentional Infliction of Emotional Distress.



## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. sec. 1983 and the Fourth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded upon 28 U.S.C. Sections 1331 and 1341(3) and (4) and 1343, and the aforementioned constitutional and statutory provisions. Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to Section 1367 to hear and decide claims arising out of state law.

## PARTIES

3. Plaintiff Eddie White ("Eddie") is a sixteen-year old African-American citizen of the United States, who currently resides in Chicago, Illinois.

4. Defendants DANIEL BORA, DANIEL GORMAN, and JOHN KILLACKEY, (the "individual officers") are Caucasian persons employed by the City of Chicago as sworn police officers. All the defendant officers are being sued individually.

5. Defendant CITY OF CHICAGO (hereinafter "CITY"), at all times material to this complaint, was a duly incorporated governmental entity under the laws of the State of Illinois, and is and was the employer of the police personnel named herein as agents of the CITY. It is sued directly under the Count III Monell Claim, and pursuant to the doctrine of respondeat superior in the related State law claims.

6. At all times relevant hereto, defendant officers were acting under color of the statutes, ordinances, regulations, customs and usages of the State of Illinois, City of Chicago, and the Chicago Police Department, and within the scope of their employment with defendant CITY.

**FACTS**

7. On the evening of October 30, 2002, at approximately 8:00 p.m., Eddie was playing in his neighborhood in the vicinity of Van Buren and Cicero, Chicago, Illinois. Eddie was breaking no laws and committing no crimes.

8. As Eddie stood talking to some friends, he was rapidly approached by three plainclothes Chicago Police Officers, the defendant officers, who jumped out of an unmarked Chicago Police car which had a bag obscuring the license plate.

9. The officers approached Eddie, and ordered him to get on his knees. He complied without resistance or comment. At that time one of the officers kicked Eddie in the stomach while the other officers commenced punching him in the arm and chest and kicking him in the back of the head.

10. Then, after cuffing Eddie behind his back, Officer Bora pushed Eddie's head to the pavement and stomped on the back of his head.

11. The officers then pulled Eddie up from the ground, pulled his hood over his head, which was gushing blood, and threw him in the back of the unmarked squad car.

12. The three officers and Eddie then drove north on Cicero. The officer in the back with Eddie continued beating the handcuffed Eddie, first punching him multiple times in the chest while interrogating him, and then forcefully striking Eddie's right knee with a Mag flashlight.

13. The beating and interrogation continued until the officers arrived at Lake and Cicero. There, the officers noted Eddie's address from his I.D., dragged him out of the car, took off the cuffs, and told him: "Now we know where you live; if you tell anyone what we did we'll

come for you."

14. Although seriously injured, Eddie went to the police station and filed a complaint with OPS. The police, noting Eddie's injuries, called an ambulance to transport Eddie to Bethany Hospital, where he was treated for multiple injuries, including six stitches to his eyelid.

### Count I

### Section 1983 and Fourth Amendment Excessive Force Claim

1-14. Paragraphs 1-14 above are re-alleged here as if fully set forth.

15. The actions of the defendant officers, described above, were excessive and unreasonable.

16. Said use of excessive force deprived Eddie of his right to bodily security and liberty under the Fourth Amendment to the United States Constitution, and was an unreasonable physical seizure of plaintiff under the Fourth Amendment to the United States Constitution.

17. As a proximate result of the unwarranted use of excessive force, Eddie was severely injured about his head and body, and caused to suffer great pain, suffering, and mental anguish.

WHEREFORE, plaintiff Eddie White demands judgment against the individual officers, jointly and severally, for compensatory damages in an amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00) and further demands judgment against the individual officers, jointly and severally, for punitive damages in an amount in excess of ONE MILLION DOLLARS ($1,000,000.00), plus attorney's fees pursuant to statute and the costs of this action, and such other and further relief as this Court deems just, proper, and equitable.

## Count II

### Section 1983 and Fourth Amendment Search and Seizure Violations

1-14. Paragraphs 1-14 above are realleged here as if fully set forth.

15. The stop, arrest, detention, search and seizure of Eddie's person and property described above was in violation of 42 U.S.C. 1983 et seq. and plaintiff's right to be free of unreasonable searches, seizures, and deprivations of liberty under the Fourth Amendment to the Constitution of the United States, in that there was no probable cause or lawful justification for the stop, searches, and seizures of Eddie's person and property.

16. As a proximate result of the foregoing, Eddie was greatly injured and was exposed to public scandal, disgrace, and humiliation, suffered great physical and mental anguish, and was deprived of his constitutional rights as described above, all to his damage.

WHEREFORE, plaintiff Eddie White demands judgment against the individual officers, jointly and severally, for compensatory damages in an amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00) and further demands judgment against the individual officers, jointly and severally, for punitive damages in an amount in excess of ONE MILLION DOLLARS ($1,000,000.00), plus attorney's fees pursuant to statute and the costs of this action, and such other and further relief as this Court deems just, proper, and equitable.

## Count III

### 1983 Action Against City for Failure to Properly Instruct, Supervise, Control & Discipline

1-14. Paragraphs 1-14 above are realleged here as if fully set forth herein.

15. The Constitutional violations detailed above were only possible for the defendant officers to perpetrate because of the customs, policies, and practices of CITY, whereby the

5

CITY, acting through the Chicago Police Department, failed utterly to instruct, supervise, control and discipline the defendant officers.

16. These failures include (1) failure to take any steps to control, instruct, or discipline the defendant officers, thus maintaining an atmosphere and climate where Constitutional violations are not prosecuted or punished, encouraging officers to violate rather than respect the Constitutional rights of citizens; (2) failure to track, notice, act upon, or correct patterns of abuse by officers with multiple complaint files, thus encouraging a climate of Constitutional abuses; and (3) failure to properly instruct or train officers in what constitutes witness intimidation, improper use of excessive force, and improper arrests without probable cause.

WHEREFORE, plaintiff Eddie White demands judgment against defendant CITY OF CHICAGO for compensatory damages in an amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00), plus attorney's fees pursuant to statute and the costs of this action, and such other and further relief as this Court deems just, proper, and equitable.

## Count IV

### False Arrest — State Claim Against City and Officers

1-14. Paragraphs 1 through 14 above are realleged here as if fully set forth herein.

15. The individual officers, acting as detailed above, knowingly and intentionally stopped, detained, and arrested Eddie when they well knew there was no probable cause or lawful justification to do so.

16. The City is sued in this count pursuant to the doctrine of respondeat superior, in that defendant officers performed the actions complained of while on duty and in the employ of defendant CITY, and while acting within the scope of this employment.

17. As a direct and proximate result of this conduct, Eddie was damaged, including the value of his liberty, exposure to public scandal and disgrace, damage to his reputation and career, mental, physical, and emotional suffering, humiliation and anguish.

WHEREFORE, plaintiff Eddie White demands judgment against CITY and the individual defendants, jointly and severally, for compensatory damages in amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000), and further demands judgment against the individual defendants, jointly and severally, for punitive damages in an amount in excess of ONE MILLION DOLLARS ($1,000,000), and further demands attorney fees and the costs of this action, and for such other relief as this Court deems just, proper, and equitable.

## Count V

### Intentional Infliction of Emotional Distress Against CITY and Officers

1-14. Paragraphs 1 through 14 are realleged here as if fully set forth herein.

15. The above-detailed conduct by the defendants was extreme and outrageous, exceeding all bounds of human decency.

16. Defendants performed the acts detailed above with the intent of inflicting severe emotional distress or with knowledge of the high probability that the conduct would cause such distress.

17. As a direct and proximate result of this conduct, plaintiff did in fact suffer severe emotional distress, resulting in injury to his mind, body, and nervous system, including loss of sleep, mental anguish, nightmares, anxiety attacks, and flashbacks.

18. The City is sued in this count pursuant to the doctrine of respondeat superior, in that defendant officers performed the actions complained of while on duty and in the employ of

defendant CITY, and while acting within the scope of this employment.

WHEREFORE, plaintiff demands judgment against CITY OF CHICAGO and the individual defendants, jointly and severally, for compensatory damages in amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000), and further demands judgment against the individual defendants, jointly and severally, for punitive damages in an amount in excess of ONE MILLION DOLLARS ($1,000,000), and further demands attorney fees and the costs of this action, and for such other relief as this Court deems just, proper, and equitable.

Respectfully submitted,

EDDIE WHITE, by his Mother and Next Friend,
HARRIET RAGGS

By: *[signature]*

One of her attorneys


Daniel S. Alexander
DANIEL ALEXANDER & ASSOCIATES, LTD.
33 North LaSalle
Suite 3300
Chicago, Illinois 60602
312-263-8005